UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS INFANTE-RAZO,      ) | CV-F-05-1449 AWI |
|                              ) | CR-F-05-0166 AWI |
|       Petitioner,      ) | |
|                              ) | |
|    v.                          ) | ORDER RE MOTION TO VACATE, |
|                              ) | SET ASIDE, OR CORRECT THE |
| UNITED STATES OF AMERICA,      ) | SENTENCE PURSUANT TO 28 |
|                              ) | U.S.C. §2255 |
|       Respondent.      ) | |

**I. History**

On May 19, 2005, Petitioner Jose Luis Infante-Razo was indicted for violating 8 U.S.C. §1326, being a deported alien found within the United States without having obtained the consent of the U.S. Attorney General or the Secretary from the Department of Homeland Security. Doc. 7.[1] Petitioner was represented by Robert Rainwater, an attorney with the federal defender's office. Doc. 6. On June 21, 2005, the parties lodged a plea agreement with the court. Doc. 10. A draft presentence investigation report was prepared by the U.S. Probation Office and made available June 13, 2005. At a hearing on July 5, 2005, Petitioner plead guilty and was sentenced to 46 months imprisonment with 36 months supervised release. Doc. 10. Judgment was issued July 6, 2005. Doc. 12. No direct appeal was filed. Petitioner filed his Section 2255

---

[1] All citations to docket entries refer to filings in the criminal case (05-0166).

habeas petition on November 16, 2005. Doc. 13.

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003).  Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255.  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted.  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

## III. Discussion

Petitioner does not allege any form of legal error in the prior proceedings of his criminal case.  On his petition form, his stated ground for relief is as follows:

> Offence Code: 171 OFF/CHG: 8 USC 1326
> Deported Alien Found In The United States Ct (1)
>
> I was in a bar when the sheriff came looking for people under the age and also under the influence of drugs or alcohol. They ask for my ID. I told them that I did not have any and

they transfer me to West Valley Sheriff Dept. for fingerprinting. Then I was transfer to Rancho Cucamonga.

Doc. 13, Petition, at 4.  Petitioner simply states a course of events.  Petitioner appends a letter to his petition which sets out his family situation and states "I'm sending a motion 2255 with this letter to see if you please reduce my time a little." Doc. 13, Petition, at 7.  As Petitioner has not articulated any legal reason why his sentence is improper, there is no basis for habeas relief.

### IV. Order

The petition of Jose Luis Infante-Razo to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:**   **July 9, 2008**                          /s/ Anthony W. Ishii
                                                                    CHIEF UNITED STATES DISTRICT JUDGE